**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DARWIN LLEWELLYN PITTS,

Plaintiff,

v. Case No. 1:26-cv-02206-KWR-JFR

FORD MOTOR COMPANY;
ALLY FINANCIAL INC.;
RICHARDSON INVESTMENTS INC.
d/b/a Rich Ford Sales;
RICHARDSON FORD SALES;
BOB TURNER'S FORD COUNTRY
INC. d/b/a/ Power Ford;
DARIN WADE (individually);
TERRY RICHARDSON (individually);
JOHN MICHAEL ORDORICA (individually);
ROBERT SNEED (individually);
QBE SPECIALTY INSURANCE COMPANY;
ETHOS GROUP LLC,

Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND REMAND**

**THIS MATTER** comes before the Court on Plaintiff, Darwin Pitts's, Motion for Leave to File a Fourth Amended Complaint and Delete the Federal Counts, and to Remand **(Doc. 49)**.

Having reviewed Plaintiff's Motion and relevant law, the Court finds that his Motion is well-taken and, therefore, is **GRANTED**. All other outstanding motions before the Court are **DENIED as MOOT without prejudice**.

**BACKGROUND**

This case arises from Plaintiff's purchase of a Ford Maverick in November 2024, and the ensuing alleged issues he experienced with the vehicle's anti-lock braking ("ABS") system. **Not.**

**Removal Ex. A at 4, Doc. 1**. Whereas the substantive allegations are routine, this matter's procedural history is complicated. It involves three—now potentially four—amended complaints, motions to dismiss and to compel arbitration, and two separate motions to remand, each based on a different legal theory. Both the substance and procedure are summarized below.

## I. <u>The facts giving rise to Plaintiff's Complaint</u>

On November 1, 2024, Plaintiff purchased a new Ford Maverick from Rich Ford ("Dealership"), located at 8601 Lomas Blvd NE in Albuquerque. **Doc. 1 Ex. A at 4**. Plaintiff financed the purchase through Defendant Ally Financial. ***Id***. Beginning in January 2025, Plaintiff allegedly noticed "a persistent and recurring defect in the [vehicle's] anti-lock braking system (ABS) and regenerative braking system, . . . ." ***Id***. Over the course of the next year, Plaintiff brought the vehicle to the Dealership four times, but the problem was allegedly not fixed. ***Id***.

On February 17, 2026, Plaintiff called Defendant QBE Specialty Insurance Group ("QBE"), "Ford's authorized warranty administrator," and a QBE representative "confirmed that [the Dealership] never filed any brake-related warranty claim with Ford." ***Id*. Ex. A at 4–5**. Allegedly, "[d]espite at least four (4) repair attempts by [the Dealership] and Plaintiff's repeated reports of the Brake Defect, Defendants have failed and refused to repair, replace, refund, or otherwise remedy the Brake Defect." ***Id*. Ex. A at 5**.

Plaintiff alleges that Defendants' failure to repair the vehicle contributed to an accident when he "was forced to apply the . . . brakes firmly to avoid a collision with a vehicle that suddenly crossed multiple lanes of traffic in front of him," but the "brakes failed to provide adequate stopping force." ***Id***. According to Plaintiff, "Defendants have failed and refused to engage in good-faith negotiation to resolve Plaintiff's claims, have failed to repair the Brake Defect, have failed to refund or replace the [vehicle], and have failed to compensate Plaintiff for any of the damages he has sustained." ***Id*. at 6**.

## II. Plaintiff's Complaint and Amended Complaints

Plaintiff filed his original Complaint, which contains the facts recited in the previous section, in state court on April 29, 2026. **Doc. 1 Ex. A at 7**. Therein, he alleged four counts, all under state law, against only two Defendants, Ford Motor Company ("Ford") and Richardson Ford Sales. ***Id.* Ex. A at 6–9**.

Plaintiff subsequently filed a First Amended Complaint on May 12. ***Id.* Ex. A at 20**. He added Defendants Richardson Investments, Darin Wade, John Michael Ordorica, and Terry Richardson ("Terry"), while removing Defendant Richardson Ford Sales. ***Id.* Ex. A at 14**. He alleged seven counts, one of which is federal. ***Id.* Ex. A at 17–20**.

Then, on June 8, he filed a Second Amended Complaint. ***Id.* Ex. A at 68**. This time, the defendants named therein were all eleven entities and individuals listed as Defendants in the instant Order: (1) Ford; (2) Ally Financial; (3) Richardson Investments d/b/a, Rich Ford Sales ("Richardson Investments"); (4) Richardson Ford Sales;[1] (5) Bob Turner's Ford Country Inc., d/b/a Power Ford ("Power Ford"); (6) QBE; (7) Ethos Group Inc.[2] ("Ethos"); and individuals (8) Wade; (9) Terry; (10) Ordorica; and (11) Robert Sneed. ***Id.* Ex. A at 23–25**. Plaintiff alleged nineteen counts,[3] two of which are federal claims. ***Id.* Ex. A at 30–63**.

On June 16, Plaintiff filed a Motion for Leave to File a Third Amended Complaint. ***Id.* Ex. A at 92**. The Third Amended Complaint, "does not add new claims against new defendants." ***Id.* Ex. A at 91**. It "refines the claims already pleaded[, ] corrects citations, conforms the statutory

[1] Plaintiff had previously confused Defendants Richardson Investments and Richardson Ford Sales.
[2] Plaintiff wrongly identifies Defendant as "Ethos Group LLC." ***See* Ethos's Response Mot. Am. Compl. at 1, Doc. 52**.
[3] Defendant's Second Amended Complaint lists twenty-one counts, but he twice skips a number, omitting counts 10 and 14.

damages demands to controlling law . . . removes one count . . . reorders and renumbers the counts . . ., and adds factual allegations . . . .” ***Id***. Therefore, the Third Amended Complaint contains eighteen counts, two of which are federal claims: (1) for violations of the Truth in Lending Act and (2) violations of the Magnuson-Moss Warranty Act. ***See*** **Mot. Amend Compl. and Remand at 5–6, Doc. 49.** After removing the case to this Court, Defendant Ford filed an Answer to the Third Amended Complaint, broadly denying Plaintiff's claims. **Ford's Answer Third Am. Compl., Doc. 11**.

**III. Removal to Federal Court**

On July 8, 2026, Defendants Richardson Investments and Richardson Ford Sales filed a Notice of Removal under 28 U.S.C. § 1441(a) in which Defendant Ford joined. **Doc. 1 at 5**. The next day, July 9, Plaintiff filed a Motion to Remand and For Costs and Expenses. **Doc. 5**. Plaintiff argued that removal was defective because four defendants who had been served before the Notice of Removal was filed—Power Ford and Sneed on July 3; Ally Financial and Ethos on July 6—failed to consent to removal.[4] ***Id.*** **¶ 2–3**. Defendants Richardson Investments and Richardson Ford Sales and Defendant Ford filed respective Responses to Plaintiff's Motion to Remand. **Richardson Investments and Richardson Ford Sales Response Mot. Remand, Doc. 16; Ford Response Mot. Remand, Doc. 17**.

Defendants Richardson Investments and Richardson Ford Sales pointed out that Defendant Terry had just filed a Notice of Consent to Removal. **Doc. 16 at 2 (citing Terry Consent to Removal, Doc. 15)**. And both Responses indicated that the remaining four defendants who had not yet consented to removal were expected to do so within the legally required timeframe of

[4] Three of the other four Defendants—QBE, Wade, and Ordorica—had not been served before the Notice of Removal; thus, their consent to remove was not required. Defendant Terry had consented to removal via his own Consent to Removal. ***See*** **Terry Consent to Removal, Doc. 15**.

"thirty days from when the last defendant was served." **Doc. 17 at 2** (quoting *Zambrano v. N.M. Corr. Dep't*, 256 F. Supp. 3d 1179, 1184–85 (D. N.M. 2017)). Over the course of the next few weeks, the four remaining Defendants, Power Ford, Ethos, Sneed, and Ally Financial, filed respective Notices of Consent to Removal. ***See* Power Ford's Consent to Removal, Doc. 20; Ethos's Consent to Removal, Doc. 23; Sneed's Consent to Removal, Doc. 25; Ally's Consent to Removal, Doc. 29**. The last of these Notices of Consent was filed on August 4, less than thirty days after the last Defendants, Ally Financial and Ethos, were served. ***See* Doc. 29**.

## IV. Plaintiff's Instant Motion for Leave to file a Fourth Amended Complaint and remand

Apparently understanding that his first Motion to Remand was rendered inapposite due to Defendants' timely consent, Plaintiff filed this instant Motion, which seeks leave to file a Fourth Amended Complaint to remove the federal claims. **Doc. 49**. The goal of the Motion is to divest this Court of jurisdiction and ensure remand under *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025).

Two Defendants filed Responses to Plaintiff's Motion. Defendant Ford does not oppose remand, "assuming the named-parties and alleged claims indeed remain as set forth [in the Fourth Amended Complaint]." **Ford's Response Mot. Amend Compl. and Remand at 2, Doc. 55**. Ethos submitted its Response to argue that Plaintiff's claims against it are "legally deficient" for none of the Fourth Amended Complaint's claims would be "alleged against Ethos." **Ethos's Response Mot. Am. Compl. and Remand at 1, Doc. 52**. Plaintiff filed a Reply a few weeks later. ***See* Reply Mot. Am. Compl. and Remand, Doc. 58**.

The Fourth Amended Complaint would retain all eleven Defendants. **Doc. 49 Ex. A at 1**. It would remove the two federal claims: Count 4 for violations of the Magnuson-Moss Warranty Act and Count 11 for violations of the Truth in Lending Act. **Doc. 49 at 5–6**. And it would retain the following sixteen counts under state law:

- Count 1: Breach of Contract;
- Count 2: Breach of Express Warranty;
- Count 3: Breach of Implied Warranty of Merchantability;
- Count 4: New Mexico Unfair Practices Act (Base Theory);
- Count 5: New Mexico Unfair Practices Act (Entity Concealment);
- Count 6: New Mexico Motor Vehicle Dealers Act Violation;
- Count 7: Common Law Fraud;
- Count 8: Dual Contract Fraud / Fraud in Execution;
- Count 9: Dual Contract Voidness / No Meeting of the Minds;
- Count 10: Assignee and Holder Liability Under the Holder Notice Contained in the Contract, and Independent Violation of the New Mexico Unfair Practices Act (against Defendant Ally Financial);
- Count 11: Revocation of Acceptance;
- Count 12: Unjust Enrichment;
- Count 13: Negligent Misrepresentation;
- Count 14: Alter Ego and Piercing the Corporate Veil;
- Count 15: Bailment and Negligence;
- Count 16: Breach of Service Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Unfair Practices (against Defendants QBE and Ethos),

**Doc. 49 Ex. A at 15–50**.

Several Defendants are residents of New Mexico, as is Plaintiff. Therefore, complete diversity to support diversity jurisdiction does not exist. ***Id.* at 12**.

## LEGAL STANDARD

"[A] party may amend its pleading . . . with . . . the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Gillette v. Tansy*, 17 F.3d 308, 312 (10th Cir. 1994). "Permitting amendment is 'particularly appropriate' where a party proceeds pro se."[5] *Djabetey v. Cogar Grp. Ltd.*, 2026 WL 251678 at *2 (D.D.C. August 26, 2026) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 877 (D.C. Cir. 1993)); *see Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir.2014) ("[P]ro se parties generally should be given leave to amend, . . . ."). The Court may deny leave to amend for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). In the absence of a reason such as those, leave to amend should be freely given. *Foman*, 371 U.S. at 182.

---

[5] The Tenth Circuits has advised district courts to afford *pro se* litigants an extra degree of deference over trained professionals and offer a more charitable level of scrutiny. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This Court will excuse inartful pleading and an absence of precise adherence to some of the rules of procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court cannot overlook more fundamental defects such as failure to state a claim upon which relief may be granted. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.") (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (emphasis added)). And the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," even when the plaintiff is *pro se*. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)); *see also Wilson v. Wal-Mart Stores East, L.P.*, No. 23-CV-00531-SH, 2025 WL 1951939, at *2 n.6 (N.D. Okla. July 16, 2025) ("Pro se plaintiffs are given some benefit of the doubt, but the Court must refrain from assuming the role of advocate.") (citing *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024–25 (10th Cir. 2012)).

Generally, a party must make a motion for leave to amend a complaint. Local Rule 15.1 requires that "a proposed amendment to a pleading must accompany the motion to amend." D.N.M. LR-Civ. 15.1. The Tenth Circuit has held that the federal rules also require a motion to be filed. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023). Rule 7 requires a request for relief to be made by a motion that (1) is in writing, (2) "states with particularity the grounds for seeking the order," and (3) specifies the relief sought. Fed. R. Civ. P. 7(b)(1). Local Rule 7.4 requires responses to motions be filed within fourteen days after service of the motion. D.N.M. LR-Civ. 7.4.

"When a plaintiff amends h[is] complaint following [his] suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Royal Canin*, 604 U.S. at 30. When "the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims." *Id.*; *see* 28 U.S.C. § 1367.

**DISCUSSION**

Plaintiff followed the local and federal rules for filing leave to amend his Complaint. As amended, the Complaint leaves no federal claims for the Court to adjudicate. This dissolves the Court's jurisdiction, and the case "must be 'remanded' to state court." *Royal Canin*, 604 U.S. at 28 (citing 28 U.S.C. § 1441(a)). Accordingly, the Court orders remand. All outstanding motions are denied as moot, without prejudice.

First, Plaintiff adhered to the requirements of Local Rule 15 and Federal Rule 7 and properly filed a motion for leave to amend his Complaint. Plaintiff attached his proposed Fourth Amended Complaint to his Motion, ***see* Doc. 49 Ex. A**, adhering to Local Rule 15.1, *see* D.N.M. LR-Civ. 15.1. He also adhered to the requirements of Federal Rule 7 by filing a (1) written motion

that (2) clarified he sought this Court's order to eliminate his federal claims and (3) specified that the relief sought is remand. ***See* Doc. 49 at 2–7**; Fed. R. Civ. P. 7(b)(1); *Serna*, 58 F.4th at 1172.

Only two of the eleven Defendants filed Responses to Plaintiff's Motion. And of those two, only Ethos opposes the Motion. Ethos argues that the Court should deny Plaintiff leave because his amendment is futile as to Ethos, for "it reasserts legally deficient claims against Ethos which remain subject to dismissal." **Doc. 52 at 3–4**. The Court should give extra scrutiny to the legal deficiency of these claims, according to Ethos, because Ethos's Motion to Dismiss, **Doc. 44**, put Plaintiff on notice that his claims against Ethos are defective, **Doc. 52 at 3–4.**

Ethos's concerns regarding the futility of Plaintiff's amendment are inapposite here where the Fourth Amended Complaint seeks to eliminate all his federal claims, thereby stripping this Court of federal question jurisdiction. *See Royal Canin*, 604 U.S. at 30. "In such instances, district courts should remand the case to state court rather than reach the merits of any pending motions to dismiss." *Djabetey*, 2026 WL 251678 at *3 (citing *Royal Canin*, 604 U.S. at 43–44). By asking the Court to deny Plaintiff's Motion on futility grounds, Ethos essentially asks this Court to determine the merits of Plaintiff's state law claims against Ethos. But *Royal Canin* makes clear that when "(as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." 604 U.S. at 30. This Court would be overstepping its authority under 28 U.S.C. § 1367 if it determined the merits of Plaintiff's claim against Ethos while lacking jurisdiction.

Therefore, the Court adopts Plaintiff's Fourth Amended Complaint, which is attached to Plaintiff's Motion and comports with the local and federal rules of procedure. ***See* Doc. 49 Ex. A**. Because Plaintiff is pro se, the Court will not require him to separately file his Fourth Amended Complaint, which becomes operative upon issuance of this order. The Fourth Amended Complaint

retains several Defendants who are residents of New Mexico, defeating the complete diversity necessary to support diversity jurisdiction. ***See*** **Doc. 49 at 12**. Plaintiff has "reconfigured h[is] suit to make it only about state law. And so the suit bec[omes] one for a state court." *Royal Canin*, 604 U.S. at 44. All outstanding motions are denied as moot, without prejudice.[6]

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint to Remove Federal Claims and to Remand **(Doc. 49)** is **GRANTED**. The Court accepts Plaintiff's Fourth Amended Complaint, which is attached to his Motion. The Clerk of Court is directed to take the necessary actions to **REMAND** the case to the court of the Second Judicial District of the State of New Mexico, County of Bernalillo. All other outstanding motions in this case are denied as **MOOT**, without prejudice, including:

- Plaintiff's Motion to Remand **(Doc. 5)**.
- Defendant Ethos's Motion to Dismiss for Failure to State a Claim **(Doc. 44)**.
- Defendants Richardson Investments, Richardson Ford Sales, Wade, Ordorica, and Terry's Motion to Compel Arbitration **(Doc. 12).**
- Plaintiff's Motion for Leave to File a Surreply In Opposition to Defendants' Motion to Compel Arbitration **(Doc. 38)**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

[6] In its Response, Defendant Ford asks the Court to deny on the merits Plaintiff's first Motion for Remand, **(Doc. 5)**, because "removal in this case was proper" at the time Plaintiff filed his first Remand Motion, **Doc. 55 at 1**. Even though the Court agrees with Ford's analysis, it will not deny Plaintiff's Motion on the merits for the same reason it will not adjudicate Ethos's Motion to Dismiss. Upon becoming operative, the Fourth Amended Complaint strips this Court of jurisdiction to resolve outstanding motions. *See Royal Canin*, 604 U.S. at 43–44.